IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CALVIN CULLEN,

                              Plaintiff,

            v.                              CASE NO. 07-3218-SAC

OFFICER SHEPPARD, et al.,

                              Defendants.



                              O R D E R

        This matter is before the court on a civil complaint filed
under 42 U.S.C. § 1983 by a prisoner confined in the Wyandotte
County Jail in Kansas City, Kansas.  Also before the court is
plaintiff's motion for leave to proceed in forma pauperis under 28
U.S.C. § 1915.

        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full
$350.00 filing fee in this civil action.  If granted leave to
proceed in forma pauperis, plaintiff is entitled to pay this filing
fee over time, as provided by payment of an initial partial filing
fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by
the periodic payments from plaintiff's inmate trust fund account as
detailed in 28 U.S.C. § 1915(b)(2).  Because any funds advanced to
the court by plaintiff or on his behalf must first be applied to
plaintiff's outstanding fee obligation,[1] the court grants plaintiff
leave to proceed in forma pauperis in the instant matter without

_____

        [1]See Cullen v. K-Mart, Case No. 07-3206-SAC ($350.00 district
court filing fee).

payment of an initial partial filing fee.  Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks damages for the alleged deliberate indifference by jail staff to her medical needs. Plaintiff states that she reported she was not feeling well and might black out, and that staff responded by noting medical staff had just taken her blood sugar and telling her to submit a medical request form.  Plaintiff states she then blacked out with low blood sugar and high blood pressure.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).

It is well recognized that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976). See also Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1320 (10th Cir.1998) ("Although the Eighth Amendment applies only to convicted inmates, the Fourteenth Amendment's Due Process Clause guarantees pretrial detainees the same degree of medical attention as the Eighth Amendment provides for inmates.").  "A

2

prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs--if he knows of and disregards an excessive risk to inmate health or safety." Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001)(quotation and citation omitted). See also Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(a medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"). A delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. Olson v. Stotts, 9 F.3d 1475 (10th Cir. 1993). Substantial harm is a "lifelong handicap, permanent loss, or considerable pain." Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001).

In the present case, plaintiff's allegations are insufficient to state a cognizable constitutional claim. Although defendants initially failed to address plaintiff's verbal report of a serious medical concern, there is no allegation that medical attention was not provided once the medical need became obvious. Also, plaintiff identifies no serious harm caused by any delay in being provided medical care when first requested.

Accordingly, plaintiff is directed to show cause why the complaint should not be dismissed as stating no claim for relief under 42 U.S.C. § 1983.[2]   See 28 U.S.C. § 1915(e)(2)(B)(ii)

---

[2]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from

("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2), after plaintiff's prior fee obligation in this court has been satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 25th day of September 2007 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

_____

proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."