IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CALVIN CULLEN,

                      Plaintiff,

      v.                                  CASE NO. 07-3218-SAC

OFFICER SHEPPARD, et al.,

                      Defendants.

### O R D E R

     Plaintiff, a prisoner confined in the Wyandotte County Jail in Kansas City, Kansas, proceeds pro se and in forma pauperis under 42 U.S.C. § 1983. Plaintiff claims staff failed to provide immediate medical attention once he reported that he was not feeling well and might black out. Instead, staff noted there had been recent testing of plaintiff's blood sugar, and told plaintiff to submit a medical request form. Plaintiff then blacked out with low blood sugar and high blood pressure, and now seeks damages for the alleged deliberate indifference of jail staff to his medical needs.

     By an order entered on September 25, 2007, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). The court found plaintiff's allegations of delay in providing medical treatment were insufficient to establish deliberate indifference by any defendant that resulted in substantial harm to plaintiff. <u>Olson v. Stotts</u>, 9 F.3d 1475 (10th Cir. 1993).

     In response, plaintiff reiterates that staff ignored a serious medical need which caused him to black out, which in turn subjected

him to a risk of further harm.  Plaintiff also contends he is entitled to "reasonable medical treatment at a proper response rate."  However, this duty of reasonable care is appropriate for a claim of negligence at best, and negligence states no cognizable constitutional claim for the purpose of proceeding under 42 U.S.C. § 1983.  A negligent act of an official causing injury to life, liberty, or property does not violate the United States Constitution.  Absent sufficient factual allegations that the intentional or reckless conduct of a state official cause the plaintiff's injury, a complaint is not cognizable under § 1983. Daniels v. Williams, 474 U.S. 327, 328-31 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).  See Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action).

No such intentional and reckless conduct is alleged in this case.  Although staff did not immediately secure medical assistance upon plaintiff's verbal report of feeling faint, plaintiff does not allege that treatment was not provided in a timely manner once the medical need became obvious.  Nor are plaintiff's mere reference to blacking out, and his speculative concern of harm that could have resulted from blacking out, sufficient to identify any actual and serious harm that resulted from staff's delay in providing medical care after plaintiff first requested it.

Accordingly, for the reasons stated herein and the order entered on September 25, 2007, the court concludes the complaint should be dismissed because plaintiff's allegations present no cognizable constitutional claim upon which relief under 42 U.S.C. § 1983 may be granted.

2

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 25th day of October 2007 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge